1  Daniel F. Fears, State Bar No. 110573
   E-mail:  dff@paynefears.com
2  Jeffrey K. Brown, State Bar No. 162957
   E-mail:  jkb@paynefears.com
3  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
4  Irvine, California 92614
   Telephone: (949) 851-1100
5  Facsimile: (949) 851-1212

6  Attorneys for Defendants THE BOEING COMPANY;
   BOEING AEROSPACE OPERATIONS, INC.; BOEING
7  COMMERCIAL SATELLITE SERVICES, INC.; BOEING
   COMSATCOM SERVICES, INC.; BOEING LAUNCH
8  SERVICES, INC. AND BOEING SATELLITE SYSTEMS
   INTERNATIONAL, INC.

9

10

## UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12

13  MYRON ADDISON, an individual;
    BEULAH DARLENE DEXTER, an
14  individual; BENJAMIN GARRETT, an
    individual; HOWARD LESLEY, an
15  individual; RODERICK MARSHALL,
    an individual BRIAN PATTERSON,
16  and individual; ANGELA TYLER, an
    individual; JOWARN WESTON, an
17  individual;

18              PLAINTIFFS,

19  v.

20  THE BOEING COMPANY, a
    Delaware Corporation; BOEING
21  AEROSPACE OPERATIONS, INC., a
    Delaware Corporation; BOEING
22  COMMERCIAL SATELLITE
    SERVICES, INC., a Delaware
23  Corporation; BOEING COMSATCOM
    SERVICES, INC, a Delaware
24  Corporation; BOEING LAUNCH
    SERVICES, INC., a Delaware
25  Corporation; BOEING SATELLITE
    SYSTEMS INTERNATIONAL, INC. a
26  Delaware Corporation; and DOES 1
    through 50, inclusive,

27              DEFENDANTS.

28

Case No 2:16-cv-4148

[Los Angeles County Superior Court, Case No. BC 620089]

**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

2    DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS MYRON ADDISON,

3    BEULAH DARLENE DEXTER, BENJAMIN GARRETT, HOWARD LESLIE,

4    RODERICK MARSHALL, BRIAN PATTERSON, ANGELA TYLER, JOWARN

5    WESTON, AND THEIR COUNSEL OF RECORD:

6

7    PLEASE TAKE NOTICE that Defendants The Boeing Company, Boeing

8    Aerospace Operations, Inc., Boeing Commercial Satellite Services, Inc., Boeing

9    Comsatcom Services, Inc, Boeing Launch Services, Inc., and Boeing Satellite

10   Systems International, Inc. (collectively "Defendants") hereby remove this action

11   from the Superior Court of the State of California for the County of Los Angeles to

12   the United States District Court for the Central District of California, on the

13   following grounds:

14

15   **<u>INTRODUCTION</u>**

16

17   This Court has jurisdiction over this action because complete diversity exists

18   between Plaintiffs Myron Addison, Beulah Darlene Dexter, Benjamin Garrett,

19   Howard Leslie, Roderick Marshall, Brian Patterson, Angela Tyler, and Jowarn

20   Weston ("Plaintiffs") on the one hand, and Defendants.

21

22   Each Plaintiff is a citizen of the State of California, and was citizen of the

23   State of California at the time of the filing of the Complaint.

24

25   Each Defendant named in the Complaint is incorporated in the State of

26   Delaware.  The Boeing Company maintains its Worldwide Headquarters in Chicago,

27   Illinois which serves as the principal place of business and "nerve center" for all of

28   the separately incorporated entities named as Defendants in the Complaint.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  Accordingly, no Defendant is a citizen of the State of California.

2

3  The Complaint, on its face, contemplates a matter in controversy that exceeds

4  the sum or value of $75,000 for each Plaintiff, exclusive of interest and costs.

5

6  Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty (30)

7  days of Defendants' receipt of a document (the Complaint) from which diversity of

8  citizenship is apparent.

9

10  **THE STATE COURT ACTION**

11

12  1.  On or about May 10, 2016, Plaintiffs filed an action against Defendants

13  titled "The Boeing Company, a Delaware Corporation; Boeing Aerospace

14  Operations, Inc., a Delaware Corporation; Boeing Commercial Satellite Services,

15  Inc., a Delaware Corporation; Boeing Comsatcom Services, Inc., a Delaware

16  Corporation; Boeing Launch Services, Inc., a Delaware Corporation; Boeing

17  Satellite Systems International, Inc., a Delaware Corporation; and DOES 1 through

18  50, inclusive, Defendants," in the Superior Court of the State of California, County

19  of Los Angeles, Case No. BC 620089 (the "State Court Action").  True and correct

20  copies of the Summons and Complaint in the State Court Action are attached hereto

21  as Exhibit "A."

22

23  2.  In the Complaint, Plaintiffs allege the following causes of action:  (1)

24  Discrimination Based on Race and Engagement in Protective Activity; (2)

25  Harassment Based Upon Race and Engagement in Protective Activity; (3)

26  Discrimination Based Upon Gender and Engagement in Protective Activity; (4)

27  Harassment Based Upon Gender and Engagement in Protective Activity; (5) Failure

28  to Prevent Discrimination, Harassment, and/or Retaliation; (6) Wrongful

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  Termination in Violation of Public Policy; (7) Intentional Infliction of Emotional

2  Distress; (8) Negligent Supervision; (9) Negligent Retention; and (10) Violation of

3  California Labor Law Regarding Pay for Travel.

4

5      3.     On May 12, 2016, Defendants were served with the Summons and

6  Complaint. *See* Exhibit "A."

7

8      4.     On June 10, 2016, Defendants, and each of them, timely filed and

9  served their Answer to the Complaint in the Superior Court of California, County of

10  Los Angeles.  A true and correct copy of Defendants' Answer is attached hereto as

11  Exhibit "B."

12

13     5.     The Summons, Complaint, and Answer constitute the pleadings,

14  process, and orders served upon or by Defendants in the State Court Action.

15

16  **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND**

17  **DEFENDANTS**

18

19     6.     Plaintiff Addison is a citizen of the State of California, and was a

20  citizen at the time of the filing of the Complaint.  (Exhibit "A" ¶2).

21

22     7.     Plaintiff Dexter is a citizen of the State of California, and was a citizen

23  at the time of the filing of the Complaint.  (Exhibit "A" ¶3).

24

25     8.     Plaintiff Garrett is a citizen of the State of California, and was a citizen

26  at the time of the filing of the Complaint.  (Exhibit "A" ¶4).

27

28     9.     Plaintiff Leslie is a citizen of the State of California, and was a citizen

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

at the time of the filing of the Complaint.  (Exhibit "A" ¶5).

10.    Plaintiff Marshall is a citizen of the State of California, and was a citizen at the time of the filing of the Complaint.  (Exhibit "A" ¶6).

11.    Plaintiff Patterson is a citizen of the State of California, and was a citizen at the time of the filing of the Complaint.  (Exhibit "A" ¶7).

12.    Plaintiff Tyler is a citizen of the State of California, and was a citizen at the time of the filing of the Complaint.  (Exhibit "A" ¶8).

13.    Plaintiff Weston is a citizen of the State of California, and was a citizen at the time of the filing of the Complaint.  (Exhibit "A" ¶9).

14.    Defendant The Boeing Company is incorporated in the State of Delaware, and has been since 1947.  (Declaration of Barbara Krubski, ¶10 ("Krubski Decl.").

15.    Defendant Boeing Aerospace Operations, Inc. is incorporated in the State of Delaware, and has been since 1978.  (Krubski Decl., ¶11).

16.    Defendant Boeing Commercial Satellite Services, Inc. is incorporated in the State of Delaware, and has been since 2013.  (Krubski Decl., ¶12).

17.    Defendant Boeing Comsatcom Services, Inc. is incorporated in the State of Delaware, and has been since 2013.  (Krubski Decl., ¶13).

18.    Defendant Boeing Launch Services, Inc. is incorporated in the State of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  Delaware, and has been since 1988.  (Krubski Decl., ¶14).

2

3      19.    Defendant Boeing Satellite Systems International, Inc. is incorporated

4  in the State of Delaware, and has been since 1967.  (Krubski Decl., ¶15).

5

6      20.    Boeing maintains its World Headquarters at 100 North Riverside Plaza,

7  Chicago, Illinois, which serves as the principal place of business and "nerve center"

8  for all of the separately incorporated entities named as Defendants in the Complaint.

9  The officers and directors for the separately incorporated entities named as

10  Defendants in the Complaint are also located at the World Headquarters in Chicago,

11  Illinois where they direct, control, and coordinate Defendants' corporate activities.

12  Defendants also perform the vast majority of their executive and administrative

13  functions at the World Headquarters in Chicago, Illinois.  (Krubski Decl., ¶16).

14

15      21.    If a party is a corporation, it is a citizen of both its state of

16  incorporation and the state where it has its principal place of business.  28 U.S.C. §

17  1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

18

19      22.    Therefore, for the purpose of determining jurisdiction, Defendants were

20  not (and are not) citizens of the State of California, but rather they were (and are)

21  citizens of the States of Delaware and Illinois.  28 U.S.C. § 1332(c); *Hertz Corp. v.*

22  *Friend*, 130 S. Ct. at 1192 ("we conclude that the phrase 'principal place of

23  business' refers to the place where the corporation's high level officers direct,

24  control, and coordinate the corporation's activities").

25

26      23.    "Doe" Defendants fictitiously named, but not served, are not joined in

27  this Petition and Notice of Removal, and shall be disregarded for the purpose of

28  determining removal jurisdiction.  28 U.S.C. § 1441(b)(1).  In determining whether

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   diversity of citizenship exists, only the named defendants are considered.

2   *Newcombe v. Adolf Coors, Co.*, 157 F. 3d 686, 690-691 (9th Cir. 1998).

3

4   24.   Accordingly, complete diversity exists between Plaintiffs and

5   Defendants.

6

7   **IT IS FACTUALLY APPARENT FROM THE BODY OF THE COMPLAINT**

8   **THAT THE AMOUNT IN CONTROVERSY FOR EACH PLAINTIFF**

9   **EXCEEDS THE JURISDICTIONAL MINIMUM**

10

11   25.   The jurisdictional minimum amount that must be in controversy for

12   each Plaintiff, $75,000, was satisfied at the time of the filing of this action, and is

13   still satisfied by the facts set forth herein and described more specifically below.  28

14   U.S.C. § 1332(a) ("[D]istrict courts …  have original jurisdiction of all civil actions

15   where the matter in controversy exceeds the sum or value of $75,000, exclusive of

16   interest and costs and is between … citizens of different States."); *see also*

17   *Matheson v. Progressive Specialty Ins., Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003)

18   ("[J]urisdiction founded on [diversity] requires that the parties be in complete

19   diversity and the amount in controversy exceed $75,000").

20

21   26.   Defendants discuss below the allegations in Plaintiff's Complaint

22   solely to demonstrate that the amount in controversy in this matter exceeds $75,000

23   for each Plaintiff.  Defendants deny that Plaintiffs are entitled to any such damages

24   or that Plaintiffs will be able to recover anything on any of their respective theories.

25

26   27.   This Court may, for removal purposes, look to the removal papers and

27   the pleadings for underlying facts establishing the jurisdictional limit. *Singer v. State*

28   *Farm Mutual Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.,*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    980 F.2d 564, 566 (9th Cir. 1992).

2

3                           **PLAINTIFF ADDISON**

4

5         28.    Plaintiff Addison seeks to recover (1) economic damages (Complaint,

6    ¶¶144, 148, 161, 171, 178, 185, and Prayer); (2) punitive damages (Complaint,

7    ¶¶144, 148, 161, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental

8    anguish, emotional and physical distress manifesting itself in physical symptoms,

9    general stress induced change in appearance and temperament" (Complaint, ¶170);

10   (4) damages associated with "failure to promote, failure to provide preferred and

11   privileged job assignments which would allow for advancement" (Complaint, ¶171);

12   (5) "attorneys' fees as allowed by law" (Prayer); and (6) "costs of suit" (Prayer).

13   For purposes of determining whether the "amount in controversy" exceeds $75,000,

14   the Court must assume the allegations in the pleadings to be true.  *Kenneth*

15   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000 (C.D.

16   Cal. 2002).

17

18        29.    At the time of the filing of the Complaint, Plaintiff Addison's annual

19   salary was approximately $66,102.40 ($31.78/hr).  (Krubski Decl., ¶2).  Thus,

20   taking into account a conservative estimate of Plaintiff Addison's alleged lost

21   earnings calculation, alleged lost benefits, additional economic damages sought by

22   Plaintiff Addison, emotional distress damages sought by Plaintiff Addison, and

23   attorneys' fees and costs sought by Plaintiff Addison, it is apparent from the

24   Complaint that the alleged claims exceed the $75,000 minimum amount required for

25   federal diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56

26   (9th Cir. 1998) (explaining that the amount in controversy may include general and

27   special compensatory damages as well as attorneys' fees, which are recoverable by

28   statute); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

30.     Moreover, although Defendants deny Plaintiff Addison's allegations, if Plaintiff Addison were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Health & Acc. Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in controversy); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994).

## PLAINTIFF DEXTER

31.     Plaintiff Dexter seeks to recover (1) economic damages (Complaint, ¶¶144, 148, 153, 157, 161, 165, 171, 178, 185, and Prayer); (2) punitive damages (Complaint, ¶¶144, 148, 153, 157, 161, 165, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental anguish, emotional and physical distress manifesting itself in physical symptoms, general stress induced change in appearance and temperament" (Complaint, ¶170); (4) damages associated with "failure to promote, failure to provide preferred and privileged job assignments which would allow for advancement" (Complaint, ¶171); (5) "attorneys' fees as allowed by law" (Prayer); and (6) "costs of suit" (Prayer).  For purposes of determining whether the "amount in controversy" exceeds $75,000, the Court must assume the allegations in the pleadings to be true.  *Kenneth Rothschild Trust, supra,* at p. 1000.

32.     Plaintiff Dexter was laid off on or about July 23, 2015.  (Complaint, ¶39).  At the time of her layoff, Plaintiff Dexter's annual salary was approximately

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

$101,250.  (Krubski Decl., ¶3).  Thus, taking into account a conservative estimate of Plaintiff Dexter's alleged lost earnings calculation (which at present is almost one year's salary, or approximately $101,000), alleged lost benefits, additional economic damages sought by Plaintiff Dexter, emotional distress damages sought by Plaintiff Dexter, and attorneys' fees and costs sought by Plaintiff Dexter, it is apparent from the Complaint that the alleged claims exceed the $75,000 minimum amount required for federal diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (explaining that the amount in controversy may include general and special compensatory damages as well as attorneys' fees, which are recoverable by statute); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

33.    Moreover, although Defendants deny Plaintiff Dexter's allegations, if Plaintiff Dexter were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in controversy); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994).

## PLAINTIFF GARRETT

34.    Plaintiff Garrett seeks to recover (1) economic damages (Complaint, ¶¶144, 148, 161, 165, 171, 178, 185, and Prayer); (2) punitive damages (Complaint, ¶¶144, 148, 161, 165, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental anguish, emotional and physical distress manifesting itself in physical symptoms, general stress induced change in appearance and temperament"

(Complaint, ¶170); (4) damages associated with "failure to promote, failure to provide preferred and privileged job assignments which would allow for advancement" (Complaint, ¶171); (5) "attorneys' fees as allowed by law" (Prayer); and (6) "costs of suit" (Prayer). For purposes of determining whether the "amount in controversy" exceeds $75,000, the Court must assume the allegations in the pleadings to be true. *Kenneth Rothschild Trust, supra,* at p. 1000.

35.    Plaintiff Garrett was laid off on or about December 12, 2015 (Complaint, ¶51). At the time of his layoff, Plaintiff Garrett's annual salary was approximately $116,869. (Krubski Decl., ¶4). Thus, taking into account a conservative estimate of Plaintiff Garrett's alleged lost earnings calculation (which at present is approximately 6 months' salary, or almost $60,000), alleged lost benefits, additional economic damages sought by Plaintiff Garrett, emotional distress damages sought by Plaintiff Garrett, and attorneys' fees and costs sought by Plaintiff Garrett, it is apparent from the Complaint that the alleged claims exceed the $75,000 minimum amount required for federal diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (explaining that the amount in controversy may include general and special compensatory damages as well as attorneys' fees, which are recoverable by statute); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

36.    Moreover, although Defendants deny Plaintiff Garrett's allegations, if Plaintiff Garrett were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   controversy); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994).

2

3   <u>**PLAINTIFF LESLIE**</u>

4

5   37.    Plaintiff Leslie seeks to recover (1) economic damages (Complaint,

6   ¶¶144, 148, 161, 171, 178, 185, and Prayer); (2) punitive damages (Complaint,

7   ¶¶144, 148, 161, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental

8   anguish, emotional and physical distress manifesting itself in physical symptoms,

9   general stress induced change in appearance and temperament" (Complaint, ¶170);

10  (4) damages associated with "failure to promote, failure to provide preferred and

11  privileged job assignments which would allow for advancement" (Complaint, ¶171);

12  (5) "attorneys' fees as allowed by law" (Prayer); and (6) "costs of suit" (Prayer).

13  For purposes of determining whether the "amount in controversy" exceeds $75,000,

14  the Court must assume the allegations in the pleadings to be true.  *Kenneth*

15  *Rothschild Trust, supra,* at p. 1000.

16

17  38.    Plaintiff Leslie retired in or about May 2014 (Complaint, ¶67; Krubski

18  Decl. ¶5).  At the time of Plaintiff Leslie's retirement, his annual salary was

19  approximately $66,435.20 ($31.94/hour).  (Krubski Decl., ¶5).  Thus, taking into

20  account a conservative estimate of Plaintiff Leslie's alleged lost earnings calculation

21  (which as present is approximately 2 years' salary, or approximately $132,000),

22  alleged lost benefits, additional economic damages sought by Plaintiff Leslie,

23  emotional distress damages sought by Plaintiff Leslie, and attorneys' fees and costs

24  sought by Plaintiff Leslie, it is apparent from the complaint that the alleged claim

25  exceeds the $75,000 minimum amount required for federal diversity jurisdiction.

26  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (explaining

27  that the amount in controversy may include general and special compensatory

28  damages as well as attorneys' fees, which are recoverable by statute); *Kenneth*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

39.     Moreover, although Defendants deny Plaintiff Leslie's allegations, if Plaintiff Leslie were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in controversy); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994).

## **PLAINTIFF MARSHALL**

40.     Plaintiff Marshall seeks to recover (1) economic damages (Complaint, ¶¶144, 148, 161, 171, 178, 185, and Prayer); (2) punitive damages (Complaint, ¶¶144, 148, 161, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental anguish, emotional and physical distress manifesting itself in physical symptoms, general stress induced change in appearance and temperament" (Complaint, ¶170); (4) damages associated with "failure to promote, failure to provide preferred and privileged job assignments which would allow for advancement" (Complaint, ¶171); (5) "attorneys' fees as allowed by law" (Prayer); and (6) "costs of suit" (Prayer). For purposes of determining whether the "amount in controversy" exceeds $75,000, the Court must assume the allegations in the pleadings to be true.  *Kenneth Rothschild Trust, supra,* at p. 1000.

41.     At the time of the filing of the Complaint, Plaintiff Marshall's annual salary was approximately $75,275.20 ($36.19/hour).  (Krubski Decl., ¶6).  Thus,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

taking into account a conservative estimate of Plaintiff Marshall's alleged lost earnings calculation, alleged lost benefits, additional economic damages sought by Plaintiff Marshall, emotional distress damages sought by Plaintiff Marshall, and attorneys' fees and costs sought by Plaintiff Marshall, it is apparent from the Complaint that the alleged claims exceed the $75,000 minimum amount required for federal diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (explaining that the amount in controversy may include general and special compensatory damages as well as attorneys' fees, which are recoverable by statute); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

42.     Moreover, although Defendants deny Plaintiff Marshall's allegations, if Plaintiff Marshall were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Heath & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in controversy); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).

## **PLAINTIFF PATTERSON**

43.     Plaintiff Patterson seeks to recover (1) economic damages (Complaint, ¶¶144, 148, 161, 171, 178, 185, and Prayer); (2) punitive damages (Complaint, ¶¶144, 148, 161, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental anguish, emotional and physical distress manifesting itself in physical symptoms, general stress induced change in appearance and temperament" (Complaint, ¶170); (4) damages associated with "failure to promote, failure to provide preferred and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

privileged job assignments which would allow for advancement" (Complaint, ¶171); (5) unpaid wages (Complaint, ¶189); (6) "attorneys' fees as allowed by law" (Prayer); and (7) "costs of suit" (Prayer).  For purposes of determining whether the "amount in controversy" exceeds $75,000, the Court must assume the allegations in the pleadings to be true.  *Kenneth Rothschild Trust, supra,* at p. 1000.

44.     At the time of the filing of the Complaint, Plaintiff Patterson's annual salary was approximately $75,275.20 ($36.19/hour).  (Krubski Decl., ¶7).  Thus, taking into account a conservative estimate of Plaintiff Patterson's alleged lost earnings calculation, alleged lost benefits, additional economic damages sought by Plaintiff Patterson, emotional distress damages sought by Plaintiff Patterson, and attorneys' fees and costs sought by Plaintiff Patterson, it is apparent from the Complaint that the alleged claims exceed the $75,000 minimum amount required for federal diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (explaining that the amount in controversy may include general and special compensatory damages as well as attorneys' fees, which are recoverable by statute); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

45.     Moreover, although Defendants deny Plaintiff Patterson's allegations, if Plaintiff Patterson were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in controversy); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# PLAINTIFF TYLER

46.     Plaintiff Tyler seeks to recover (1) economic damages (Complaint, ¶¶144, 148, 153, 157, 161, 171, 178, 185, and Prayer); (2) punitive damages (Complaint, ¶¶144, 148, 153, 157, 161, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental anguish, emotional and physical distress manifesting itself in physical symptoms, general stress induced change in appearance and temperament" (Complaint, ¶170); (4) damages associated with "failure to promote, failure to provide preferred and privileged job assignments which would allow for advancement" (Complaint, ¶171); (5) "attorneys' fees as allowed by law" (Prayer); and (6) "costs of suit" (Prayer).  For purposes of determining whether the "amount in controversy" exceeds $75,000, the Court must assume the allegations in the pleadings to be true.  *Kenneth Rothschild Trust, supra,* at p. 1000.

47.     At the time of the filing of the Complaint, Plaintiff Tyler's annual salary was approximately $55,827.20 ($26.84/hour).  (Krubski Decl., ¶8).  Thus, taking into account a conservative estimate of Plaintiff Tyler's alleged lost earnings calculation, alleged lost benefits, additional economic damages sought by Plaintiff Tyler, emotional distress damages sought by Plaintiff Tyler, and attorneys' fees and costs sought by Plaintiff Tyler, it is apparent from the Complaint that the alleged claims exceed the $75,000 minimum amount required for federal diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (explaining that the amount in controversy may include general and special compensatory damages as well as attorneys' fees, which are recoverable by statute); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

48.     Moreover, although Defendants deny Plaintiff Tyler's allegations, if Plaintiff Tyler were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in controversy); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994).

## **PLAINTIFF WESTON**

49.     Plaintiff Weston seeks to recover (1) economic damages (Complaint, ¶¶144, 148, 161, 171, 178, 185, and Prayer); (2) punitive damages (Complaint, ¶¶144, 148, 161, 171, 178, 185, and Prayer); (3) damages for "humiliation, mental anguish, emotional and physical distress manifesting itself in physical symptoms, general stress induced change in appearance and temperament" (Complaint, ¶170); (4) damages associated with "failure to promote, failure to provide preferred and privileged job assignments which would allow for advancement" (Complaint, ¶171); (5) "attorneys' fees as allowed by law" (Prayer); and (6) "costs of suit" (Prayer). For purposes of determining whether the "amount in controversy" exceeds $75,000, the Court must assume the allegations in the pleadings to be true. *Kenneth Rothschild Trust, supra,* at p. 1000.

50.     At the time of the filing of the Complaint, Plaintiff Weston's annual salary was approximately $63,148.80 ($30.36/hour).  (Krubski Decl., ¶9).  Thus, taking into account a conservative estimate of Plaintiff Weston's alleged lost earnings calculation, alleged lost benefits, additional economic damages sought by Plaintiff Weston, emotional distress damages sought by Plaintiff Weston, and attorneys' fees and costs sought by Plaintiff Weston, it is apparent from the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Complaint that the alleged claims exceed the $75,000 minimum amount required for federal diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (explaining that the amount in controversy may include general and special compensatory damages as well as attorneys' fees, which are recoverable by statute); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that Plaintiff will prevail on every one of her claims).

51.     Moreover, although Defendants deny Plaintiff Weston's allegations, if Plaintiff Weston were to prevail and establish the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. *Davenport v. Mutual Ben Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages are included in calculating the amount in controversy); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994).

## JURY VERDICTS INVOLVING FACTS THAT ARE SUBSTANTIALLY ANALOGOUS TO THE FACTS IN THIS CASE HAVE FAR EXCEEDED THE $75,000 JURISDICTIONAL MINIMUM

### Plaintiffs Dexter, Garrett, Leslie, and Weston

52.     A review of California State and Federal Court cases with allegations analogous to those asserted by Plaintiffs Dexter, Garrett, Leslie, and Weston in *this* case, show that jury verdicts in such cases often far exceed the $75,000 requirement:

- *Massey v. City of Long Beach* (Los Angeles County Superior Court Case No. BC518178; verdict date of September 2015):  **$693,492.**  The plaintiff in *Massey*, an African-American former public safety dispatcher, brought claims of race

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

discrimination and harassment against the City of Long Beach.  According to the plaintiff, he performed his job in a satisfactory, if not an exemplary manner, but was harassed because of his race, passed over for a promotion in favor of similarly-situated employees who were not African-American, and eventually terminated. The jury awarded $520,119 in pain and suffering.

- *Fitzpatrick v. Hon Hai Precision Industry Co. Ltd.* (Orange County Superior Court Case No. 06CC02832; verdict date of July 2008): **$882,000.00.**  The plaintiff in *Fitzpatrick* sued his employer, a technology and software company, claiming race discrimination and retaliation.  The plaintiff alleged that he was subjected to a hostile work environment and that he was wrongfully terminated in retaliation for his complaints that potential candidates for employment were all unqualified Asian applicants and that bonuses were not awarded to Caucasians.  The jury awarded $825,000 in punitive damages.

- *Gibbs v. Boeing Satellite Systems, Inc.* (Los Angeles Superior Court Case No. BC277075; verdict date of July 2004): **$700,000.**  The plaintiff in *Gibbs* sued his employer claiming race discrimination and retaliation in violation of state law. Specifically, the plaintiff alleged that when the business took a downslide, nonblack directors were allowed to work in other units while the plaintiff was demoted several times and subsequently wrongfully terminated in retaliation for his complaints of discrimination.  The jury awarded $600,000 in pain and suffering, and $100,000 in punitive damages.

## Plaintiffs Addison, Marshall, Patterson, and Tyler

53.    A review of California State and Federal Court cases with allegations analogous to those asserted by Plaintiffs Addison, Marshall, Patterson, and Tyler in *this* case, show that jury verdicts in such cases often far exceed the $75,000 requirement:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   •   *Mejia v. City of Inglewood* (Los Angeles Superior Court Case No.

2   BC339419; verdict date of May 12, 2010): **$151,000.00.**  The plaintiff in *Mejia*

3   alleged he was denied training opportunities, denied work assignments that were

4   afforded non-minorities and employees who had not complained of discrimination,

5   excluded from educational opportunities, labeled as a trouble maker, left in

6   undesirable assignments, passed over for promotion, and ostracized and ridiculed by

7   management.  Like Plaintiffs Addison, Marshall, Patterson, and Tyler, *Mejia* was a

8   current employee when he filed his civil complaint against his employer.

9   •   *Stallworth v. City of Los Angeles* (Los Angeles Superior Court Case

10  No. BC341480; verdict date of July 24, 2009): **$225,798.00**.  The plaintiff in

11  *Stallworth*, a black police officer, alleged that he was denied a promotion because of

12  his race.  Like Plaintiff's Addison, Marshall, Patterson, Tyler, *Stallworth* was a

13  current employee when he filed his civil complaint against his employer.  The jury

14  awared $100,000 in pain and suffering alone.

15  •   *Hill v. San Francisco Bay Area Rapid Transit District* (Alameda

16  County Superior Court Case No. RG04172014; verdict date of October 7, 2007):

17  **$1,270,000.00**.  The plaintiff in *Hill*, a black mechanic for the Transit District,

18  alleged that he was subjected to race discrimination and retaliation.  Specifically, he

19  alleged that he passed up for promotion, subjected to racially demeaning comments

20  and physical attacks by white coworkers, and that his white supervisor put him on

21  leave in retaliation for his complaints of discrimination.  Like Plaintiff's counsel this

22  case, counsel for the plaintiff in *Hill* alleged that his client's treatment was "like

23  something from the Jim Crow South."

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## CALIFORNIA DISTRICT COURTS HAVE DETERMINED THAT THE AMOUNT IN CONTROVERSY REQUIREMENT CAN BE SATISFIED BY ESTIMATING POTENTIAL EMOTIONAL DISTRESS DAMAGES, PUNITIVE DAMAGES, AND ATTORNEYS' FEES

54.    A review of California race discrimination cases removed to federal district court confirm that the amount in controversy requirement can be satisfied by estimating lost wages, emotional distress damages, punitive damages, and attorneys' fees:

- *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002). In *Simmons*, the plaintiff alleged that he was subjected to discrimination and retaliation because of his race.  Defendant, a Delaware corporation with its principal place of business in New Jersey, removed to federal court on diversity grounds.  The plaintiff then moved for remand, arguing that defendant had failed to satisfy the amount in controversy requirement.  The Northern District denied remand, explaining that defendant had satisfied the amount in controversy requirement by estimating reasonable lost wages and other compensatory damages, punitive damages, emotional distress damages, cost of reinstatement, and attorney' fees.  *Id*. at 1031.  Regarding attorneys' fees, the Northern District explained:

> "Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel.  The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages." *Id*. at 1035.

- *Amado v. US Bancorp*, Case No. SACV 15-00871-JLS (DFMx), 2015 WL 5618877 (C.D. Cal. September 24, 2015), slip opinion denying a motion to

remand.  In *Amado*, the plaintiff alleged that she was terminated from her position as a result of "racial favoritism and discrimination" against Caucasian employees.  *Id.* at *1.  Her employer, U.S. Bancorp, removed the action to federal court on the basis of diversity jurisdiction.  *Id.*  The Plaintiff then moved for remand, arguing that the amount in controversy did not satisfy the statutory requirement.  *Id.* at *2.  The Court denied remand, agreeing with U.S. Bancorp that the amount in controversy was met by estimating lost earnings, emotional distress damages, punitive damages, and attorneys' fees.  *Id.* at *2-3.

55.     Because complete diversity exists in this case, this Court has original jurisdiction under 28 U.S.C. § 1332.

56.     Therefore, this action is one that Defendants can remove to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000 for each Plaintiff, exclusive of interest and costs.

## REMOVAL IS TIMELY

57.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because this action is being removed within thirty (30) days of the date when Defendants received the Summons and Complaint.  28 U.S.C. § 1446(b)(1); *see* Exh. "A."

## CONCLUSION

58.     For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states,

1    and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2

3        59.    Accordingly, Defendants respectfully request that this Court exercise

4    its removal jurisdiction over this action.

5

6

7    DATED: June 10, 2016              PAYNE & FEARS  LLP

8

9

10                                    By: _____/s/ Daniel F. Fears_____

11                                            DANIEL F. FEARS

12                                    Attorneys for Defendants THE BOEING
                                      COMPANY; BOEING AEROSPACE
13                                    OPERATIONS, INC.; BOEING
                                      COMMERCIAL SATELLITE SERVICES,
14                                    INC.; BOEING COMSATCOM
                                      SERVICES, INC.; BOEING LAUNCH
15                                    SERVICES, INC. AND BOEING
                                      SATELLITE SYSTEMS
16                                    INTERNATIONAL, INC.

17

18

19

20

21

22

23

24

25

26

27   4847-8241-6178.1

28

-23-

# PROOF OF SERVICE

### *Myron Addison, et al. v. The Boeing Company, et al.*
### *USDC, Central District of California Case No.* 2:16-cv-4148

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 10, 2016, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

Steven H. Haney, Esq.                              Attorneys for Plaintiff
Gregory L. Young, Esq.
HANEY & YOUNG LLP
1055 West Seventh Street, Suite 1950
Los Angeles, CA  90017
Telephone:  (213) 228-6500
Facsimile:  (213) 228-6501
Email: shaney@haneyyoung.com
           gyoung@haneyyoung.com

☒    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 10, 2016, at Irvine, California.

*Terri M Shaw*
Terri M. Shaw